IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| IN RE: | : | CHAPTER SEVEN |
| 3 MAN CORPORATION | : | BANKRUPTCY NO.: 5-12-bk-00879-JJT |
| ALLEGED DEBTOR | : | {**Nature of Proceeding**: Motion for Reconsideration (#253)} |

# OPINION

After concluding that the involuntary petition must be denied, (*In re 3 Man Corp.*, 2014 WL 4346747 (Bankr.M.D. Pa. 2014)), the petitioning creditors have moved for reconsideration arguing that evidence was offered on the record that established the Court made a manifest error of fact which, if corrected, would have resulted in a decision in their favor.

To summarize the Court's earlier decision, I will reference the heretofore cited case and the finding that the pivotal issue was whether the putative Debtor had a third creditor not subject to a "bonafide dispute." I, in fact, did find that "some amount" was owed by the Debtor. Nevertheless, a review of the testimony and the exhibits did not allow me to conclude that a significant portion of the creditor's claim was not the subject of a bonafide dispute as to liability or amount. I was naturally troubled by the testimonial evidence that final billings were not easily explained but were the result of computer calculations. Transcript of November 15, 2013 at 28 (Doc. #229).

Notwithstanding earlier findings, a review of post trial filings and argument have directed me to parts of the exhibit record that fill in gaps such that I can conclude 3 Man was indebted to Amguard Insurance Company in the amount of $13,460.50 at the time the involuntary petition was filed.

Trial Exhibit 84, although not well explained at the time of trial, appears to set out the break down of the billing computation, as follows:

| | | | |
|---|---|---|---|
| Original 12 month premium [See Exhibit 44 at bates 1] | $22,685.00 | | |
| Plus July 30, 2010 interim audit addition for 12 month period [See Exhibit 44 at bates 55] | + $ 9,805.00 | | $32,490.00 |
| Less cancellation credit for early termination | | - $10,761.00 | $21,729.00 |
| Plus April 7, 2011 revised final audit billing addition for period 4/1/2010 to 11/29/10 [See Exhibit 44 at bates 64] | + $13,126.00 | | $34,855.00 |
| Plus reinstatement fee | + $     55.00 | | $34,910.00 |
| Plus penalty for early cancellation (short rate) [See Exhibit 44 at bates 131]. [But see short rate penalty identified in Exhibit 44 at bates 73.] | + $ 3,889.00 | | $38,799.00 |
| Less credit for a 10 day double billing from revised final audit [See Exhibit 44 at bates 73] | | - $ 2,322.00 | |
| Total [See Exhibit 67] | | | $36,477.00 |
| Plus Billing Fee [See Exhibit 84] | + $     34.00 | | $36,511.00 |
| Less total payments | | - $23,050.50 | |
| Balance | | | $13,460.50 |

The information presented in support of creditors' Motion for Reconsideration has been helpful. A trial judge is not generally required to "scour the record" to find evidence to support the creditor's claim. *Perkins v. City of Elizabeth*, 412 Fed.Appx. 554, 555 (3rd Cir. 2011), (unpublished opinion). Nevertheless, the petitioning creditors have called my attention to specific items of evidence to allow me to conclude that, not only did the disputes by the putative Debtor not reach above *"de minimus"* proportions, but left a specified balance that was beyond bona fide dispute.

It has been held that a motion to alter or amend the judgment under Rule 59(e) should be granted "if the movant points to evidence in the record that clearly establishes a manifest error of law or fact." *In re Prince*, 85 F.3d 314, 324 (7th Cir. 1996). While I am satisfied that I had no responsibility to organize the record such to ferret out the facts necessary to support the petitioners' case, the current argument in support of the Motion for Reconsideration relieves me of that burden and fills in those gaps identified in my earlier Opinion of August 29, 2014. I hereby find that a third creditor exists with an obligation owed by the putative Debtor and not subject to a bonafide dispute.

Because a settlement was reached between the Debtor and this third creditor, Amguard, prior to an unsuccessful attempt by Amguard to withdraw from the petition, and such settlement was intentionally not immediately disclosed to the Court despite inquiry, I have also reviewed the record to determine whether this creditor had the requisite good faith to qualify as a third petitioning creditor. *In re Forever Green Athletic Fields, Inc.*, 804 F.3d 328 (3rd Cir. 2015). I find that the bad faith attendant with the undisclosed settlement did not exist at the time that

Amguard became a petitioner and, further, that an alternative finding could do no more than inure to the benefit of the partner in that undisclosed settlement, the Debtor.

My Order will follow.

By the Court,

*John J. Thomas*

Date: April 18, 2016

John J. Thomas, Bankruptcy Judge

(CMS)